IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL SHERRILL,                     *
      Plaintiff
                                                         *

v.                                              CIVIL ACTION NO. RDB-05-344
                                                           *

MELANIE C. PEREIRA, et al.,
      Defendants                            *
                                                               *******

## **MEMORANDUM OPINION**

On February 1, 2005, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983. Counsel for Defendants has filed a dispositive motion (Paper No.12), which shall be treated as a motion for summary judgment. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

### **1. Factual Background**

Plaintiff states that on April 5, 2004, he was assaulted by Sgt. D. Farrow and sustained lacerations, bruises and "things suffered in any 'beating'....." (Paper No. 1).

The uncontroverted records before the Court reveal that on April 5, 2004, Plaintiff was incarcerated in the Howard County Detention Center and housed on the disciplinary unit. (Paper No. 12, Ex. 2, 3). As a result of Plaintiff's having been caught throwing trash from his cell, he and his cell mate were ordered moved to new cells. (*Id*., Ex. 3 at p. 1, Ex. 4). Sgt. Farrow was assigned to move Plaintiff

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on April 12, 2005, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 13). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id.*).

to his new cell. Sgt. Farrow handcuffed Plaintiff and escorted Plaintiff without incident to the vicinity of the new cell. When they reached the new cell Plaintiff stopped and refused to enter the cell. (*Id*., Ex. 3 at p. 1). Sgt. Farrow repeatedly ordered Plaintiff to enter the cell and Plaintiff refused. (*Id.* at p. 2). Sgt. Farrow placed his right hand on Plaintiff's left upper arm and motioned for Plaintiff to move forward. Plaintiff spun counter-clockwise into Sgt. Farrow's torso, catching Sgt. Farrow's right forearm between the cuffs. Despite Plaintiff's actions, Sgt. Farrow was able to use leverage to move Plaintiff into the cell. Once inside the cell, Sgt. Farrow untangled the inmate. (*Id*).

An incident report was generated as a result of the foregoing altercation. Plaintiff was interviewed regarding what transpired and stated, "I was refusing to go into F-3 & he forced me in by grabbing at my cuff-his arm got caught & we struggled-it shouldn't have happened like it did." (*Id*. Ex. 5 at p. 2).

After the altercation Plaintiff was evaluated by the medical department. The assessment revealed Plaintiff's "Right wrist [was] abraided, Superficial laceration cleaned with Beladenl Scrub and bacitracin applied with bandaide." (*Id*. Ex. 7). On April 6, 2004, Plaintiff submitted a sick call slip concerning his injuries sustained in the April 5, 2004, altercation. Plaintiff was again evaluated and medical staff observed that Plaintiff's right hand had an "abrasion & edema mild." (*Id*. Ex. 8). A topical prescription and ace bandage were provided to Plaintiff. An x-ray of Plaintiff's wrist was negative. (*Id.*, Ex. 9). Plaintiff submitted no other sick call slips regarding these injuries. (*Id*., Ex. 11-24).

**2. Standard of review**

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor.

2

*See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

Analysis of cruel and unusual punishment claims "necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). In order to meet the subjective component of this test in an excessive force case, a prisoner must show that the force was applied "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U S. 1, 6-7 (1992) In making this determination, a court must look at the need for the application of force, the relationship between the need and the amount of force applied, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986).

Insofar as the objective element of an excessive force case is concerned, the prisoner "need not show that [the] force caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action. All that is necessary is proof of more than *de minimis* pain or injury." *Williams*, 77 F.3d at 761(citation omitted); *see also Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). Medical records reflect that Plaintiff was alert and oriented following the incident and minor scrapes and bruising were observed. Subsequent complaints made by Plaintiff reflected some swelling to his wrist. Thus, even

3

accepting Plaintiff's version of the events as true, as the Court must, the injuries he claims to have suffered are *de minimis*.  *See Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997) (pain from being tightly handcuffed for six hours, welt on face from slap, and fears for safety were *de minimis* injuries); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (sore, bruised ear was *de minimis* injury)*; Norman v Taylor*, 25 F.3d at 1263-64 (sore thumb caused by blow from key ring considered *de minimis* injury).

Even assuming, arguendo, that Plaintiff was able to satisfy the objective component of an excessive force claim, he has failed to bring forth any evidence to satisfy the subjective component.  There is no material dispute that on the date in question Plaintiff was given a direct order to enter his cell.  He refused.  Sgt. Farrow then placed his hands on Plaintiff in an effort to guide him into the cell.  Plaintiff then attacked Sgt. Farrow.  A minor altercation ensued, with Plaintiff physically placed into his cell.  In the instant case, it is clear that some force was required to fend off Plaintiff's attack and obtain his cooperation.  Where, as here, an inmate refuses to follow a direct order and attacks a correctional officer, the correctional officer may use force to defend himself and restore order.   According to Defendant's uncontradicted affidavit, he used force in an attempt to gain compliance by Plaintiff with a lawful order and to avoid exposing any other person who might come down the corridor to a potentially dangerous situation. (Paper No. 12, Ex. 3).  When an order is given to an inmate there are only so many choices available to the correctional officer.  If the order requires some action by correctional officers, and the inmate cannot be persuaded to obey the order, some means must be employed to compel compliance, including, at times,  physical force.  The use of force occurred only after Plaintiff attacked Defendant Farrow and refused to comply with a direct order.  There is no showing that Defendants acted maliciously and sadistically to cause Plaintiff harm.

### 3. Conclusion

In conclusion I find no evidence of an Eighth Amendment deprivation. Defendants' Motion for Summary Judgment shall be granted and judgment shall be entered in favor of Defendants and against Plaintiff. A separate Order follows.

/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

Dated:   May 31, 2005